```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv627-RJC
```

| | |
|---|---|
| MICHAEL RAY CHERRY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MECKLENBURG COUNTY JAIL; | ) |
| MECKLENBURG COUNTY SHERIFF'S OF- | )    **ORDER** |
| FICE; (FNU) PAGAN, Major, Mecklenburg | ) |
| County Jail; and (FNU) YOUNGBLOOD, | ) |
| Captain, Mecklenburg County Jail, | ) |
| | ) |
|     Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983. (Doc. No. 1).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a detainee at the Mecklenburg County Jail, complains that he is given only a 1.5 ounce bar of soap each week, thereby placing him "in constant danger of life threatening diseases and viruses"; that Defendants Pagan and Youngblood have imposed a rule forbidding inmates from having their own personal "sporks," thereby preventing them from preparing and eating foods that they purchase from the commissary and forcing inmates to share a single spork at the risk of being infected with diseases and viruses; and that the Sheriff's Office allowed Defendants Pagan and Youngblood to impose this inhumane, life-threatening rule. (Doc. No. 1 at 3-4). Plaintiff asks for both injunctive relief and for compensatory and punitive damages from each Defendant. (Id. at 4).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. The Court's initial review reflects that Plaintiff's Complaint must be dismissed because he has failed to state a claim for relief.

## III. DISCUSSION

### A. Neither the County Jail nor the County Sheriff's Office is amenable to suit under § 1983.

The Mecklenburg County Jail is not a "person" subject to suit under 42 U.S.C. § 1983. Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Likewise, the Mecklenburg County Sheriff's Office is not a legal entity that is amenable to suit under § 1983. Revene v. Charles County Com'rs, 882 F.2d 870, 874 (4th Cir. 1989) ("The separate claim against the 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government . . ."). Plaintiff cannot state a claim upon which relief can be granted against these

two Defendants; therefore, his Complaint against them must be dismissed.

> **B. Defendants Pagan and Youngblood did not violate Plaintiff's constitutional rights.**

As a pre-trial detainee, Plaintiff's allegations are governed by the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535-36 (1979). In <u>Bell</u>, the Supreme Court observed:

> The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees. Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment. . . . Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . .

<u>Id.</u> at 599 n.16 (internal quotation marks and citations omitted); <u>Martin v. Gentile</u>, 849 F.2d 863, 870 (4th Cir. 1988). In <u>Martin</u>, the Court stated that "[t]he due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner; while the convicted prisoner is entitled to protection only against punishment that is 'cruel and unusual,' the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to <u>any</u> form of punishment." (emphasis in original) (internal quotation marks and citation omitted). Nevertheless, as the Court explained in <u>Bell</u>, "[n]ot every disability imposed during pretrial detention amounts to punishment in the constitutional sense . . ." <u>Bell</u>, <u>supra</u>, 441 U.S. at 537. Indeed, "[l]oss of freedom of choice and privacy are inherent incidents" of pre-trial confinement, and "the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible during confinement does not convert the

3

conditions or restrictions of detention into 'punishment.'" Id. Likewise, "[t]he fact that harm is inflicted by governmental authority does not make it punishment." Id. at 538 n.19 (internal quotation marks and citation omitted).

Furthermore, the Bell Court noted that the State's interest in ensuring the detainee's presence at trial is not the only objective that may justify restraints. Id. at 539-40. On the contrary, the State "also has legitimate interests that stem from its need to manage the facility in which the individual is detained. These legitimate operational concerns may require administrative measures that go beyond those that are, strictly speaking, necessary to ensure that the detainee shows up at trial." Id. at 540. Thus, in order to establish a constitutional violation, a plaintiff:

> must first show the imposition of a particular disability. . . Assuming that a disability or harm is shown, then to establish that a particular condition or restriction of his confinement is constitutionally impermissible punishment, the [plaintiff] must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate governmental objective, in which case an intent to punish may be inferred.

Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 250-51 (4th Cir. 2005) (internal quotation marks and citations omitted).

Applying the foregoing principles, the Court finds that Plaintiff's allegations against Defendants Pagan and Youngblood do not rise to the level of stating a claim for a violation of his constitutional rights. First, Plaintiff has failed to allege that he actually was harmed by the conduct of Defendants Pagan and Youngblood. That is, Plaintiff does not allege that he is unable to bathe himself regularly or that he was not provided with any eating utensil, such as a spoon. On the contrary, the crux of Plaintiff's complaint is that he is being limited to 1.5 ounces of soap each week and is being made to share a spork. Nevertheless, in the absence of an allegation of

4

actual harm, Plaintiff's Complaint is subject to dismissal.  See  Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (affirming district court's *sua sponte* dismissal of a complaint due, in part, to plaintiff's failure to assert an actual injury resulting from prison officials' conduct) (citing Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993) (analyzing detainee's claim under Eighth Amendment and stating that "a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions.")).

Second, even if Plaintiff could show resulting harm from the two conditions in question, he has still failed to allege or show that the conditions were imposed with the requisite punitive intent.  See Johnson v. Cannon, 2010 WL 936706, at * 7 (D.S.C. March 15, 2010) (unpublished) (concluding that conditions encountered by plaintiff were experienced by all inmates at that jail; therefore, plaintiff could not, as a matter of law, show that conditions were imposed to punish him).  Nor has Plaintiff alleged any facts from which the intent to punish can be inferred.

In sum, Plaintiff's allegations against these Defendants do not state a claim upon which relief can be granted.  Therefore, Plaintiff's Complaint must be dismissed in its entirety.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED that** Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** for its failure to state a claim upon which relief can be granted.

Signed: August 2, 2011

Robert J. Conrad, Jr.
Chief United States District Judge